OBERTHIER v. OBERTHIER. (No. 1840.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1917.)

FRAUDULENT CONVEYANCES ⬧174(1)—TITLE AS BETWEEN PARTIES.

Defendant, with money received as a gift from his uncle, discharged a note, secured by a mortgage on certain personal property. To prevent the second mortgagee from foreclosing, defendant placed the note in his uncle's private box at the bank, with which he did business. Instead of having the note marked paid, defendant requested the holder to indorse it without recourse. *Held* that, as it was the intention of defendant to discharge the note, and as the moneys which he used for that purpose were his own, the note was not a valid asset in the hands of the uncle, notwithstanding defendant's purpose to deceive other creditors, and so it did not pass to a legatee under the uncle's will.

Appeal from Rusk County Court; R. T. Brown, Judge.

Suit by Mrs. Sarah Oberthier against C. W. Oberthier. From a judgment for defendant, plaintiff appeals. Affirmed.

J. H. Turner, of Henderson, for appellant. R. T. Jones, of Henderson, for appellee.

On Motion for Rehearing.

HODGES, J. In this suit the appellant sought a judgment for the sum of $250 upon a promissory note executed by the appellee. It appears from the evidence that the note was payable to M. L. Marwill, and that some time after its maturity it was fully paid off and satisfied by the appellee. At the time of payment Marwill, the holder, at the request of the appellee, indorsed the note without recourse instead of marking it paid. According to the testimony of appellee, which is not contradicted, his uncle, F. H. Oberthier, some time previous to that transaction, gave him the sum of $350, and he used a part of that money in paying the note. That note had been secured by a mortgage upon certain personal property. The same property was covered by a second mortgage in favor of Kangerga Bros., other creditors of the appellee. In order to prevent Kangerga Bros. from enforcing their debt, then due and which they

were pressing for payment, the appellee delivered to his uncle, F. H. Oberthier, the note in controversy after its payment to Marwill. This delivery was effected by appellee's placing the note, without the knowledge of F. H. Oberthier, in the latter's private box at the bank with which he did business. F. H. Oberthier died shortly thereafter, leaving the note among his papers, never having demanded payment. The appellant, his widow, now claims it as a legatee under his will. The appellee defended upon the ground that the assignment of the note to F. H. Oberthier was without any consideration. He pleaded the facts the substance of which is stated above, alleging that the assignment, or pretended assignment, to F. H. Oberthier, his uncle, was for the purpose of securing temporary protection from other creditors.

The jury found, in response to interrogatories propounded by the court, that the money received by the appellee from his uncle was a gift from the latter's separate estate, and that the note was retained by F. H. Oberthier for the temporary protection of the appellee. Upon these and other findings, not necessary to mention, the court rendered a judgment in favor of the defendant below.

Upon further consideration we have reached the conclusion that the affirmance of the judgment in this case should be placed upon different grounds from those stated in the original opinion. It appears from the testimony and the findings of fact made by the jury and the court that in the transaction with Marwill the appellee fully discharged the note with funds exclusively his own. This had the legal effect of extinguishing the debt and the mortgage which had been given to secure its payment. The incumbrance held by Kangerga Bros. then became, as a matter of law, a first lien on the property. The fraud, if any, was in the scheme to conceal the payment of the note by indorsing a fictitious assignment to F. H. Oberthier. That transaction did not affect the legal right of Kangerga Bros. or those of any other creditor then holding a lien on the property. If as between the appellee and his uncle that indorsement created an obligation to pay the note again, it originated on that date; for the debt and lien could not be treated as a continuation of that which had been extinguished by payment. However improper the deception attempted in this instance may have been, it is not one denounced by our statute concerning fraudulent conveyances. Practically it was a mere attempt to conceal from Kangerga Bros. the fact that a prior lien had been discharged. The evidence shows that there never was any contract between F. H. Oberthier and the appellee regarding the debt. The entire transaction by which the indorsement of the note was made was without the knowledge or the consent of

F. H. Oberthier. It was some time afterwards before he was informed of that fact. He could not without his consent be made a party to any such scheme.

We are of the opinion that the appellee is not estopped from proving the true facts which show a payment of the note and the extinguishment of the debt and lien while in the hands of Marwill.

The judgment of the county court will therefore be affirmed.

The former opinion filed in this case will be withdrawn.